[No. C046923. Third Dist. Aug. 29, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TASAUNA DANIELLE MURPHY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts 1., 2., 4. and 5. of the Discussion.

## COUNSEL

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Mary Jo

Graves and Michael P. Farrell, Assistant Attorneys General, Janis Shank McLean, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAVIS, J.**—A jury convicted defendant Tasauna Danielle Murphy of single counts of selling cocaine base, possessing cocaine base for sale, and evading a pursuing police officer. (Health & Saf. Code, §§ 11352, subd. (a), 11351.5; Veh. Code, § 2800.2, subd. (a).)

On appeal, defendant contends a prior conviction for possessing cocaine base for sale should have been excluded; her *Marsden* motion was erroneously denied; the possession conviction cannot stand because it was part of the sale; her counsel was ineffective; and her upper term violates *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] and *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856] (*Cunningham*). We shall affirm.

In the published portion of the opinion, we conclude that possession of cocaine base for sale is not a necessarily included offense of the crime of selling cocaine base.[1]

### BACKGROUND

On December 10, 2003, Sacramento police officers conducted a narcotic "buy/bust" operation that at one point set its sights on a woman and a man sitting in a car. The woman, who was later identified as defendant, was sitting in the driver's seat; it was her car. The man, later identified as Jimmy Cunningham, got out of the car and asked an undercover officer, who was in another vehicle, what he wanted. The officer indicated "a 20" (meaning $20 of rock cocaine). Cunningham replied that he had to go to the car to get it, and requested $5 for doing so. The officer negotiated this fee down to $2 and gave Cunningham a prerecorded $20 bill.

---

[1] On February 20, 2007, the United States Supreme Court vacated our decision in this matter and remanded the case to us for further consideration in light of *Cunningham*. Pursuant to this direction, we recalled our remittitur, vacated our December 20, 2005, decision (as modified Jan. 17, 2006), and reinstated the appeal. We requested and received supplemental briefing on the *Cunningham* issue.

Cunningham walked to the driver's side of defendant's car, where defendant was sitting. Cunningham reached into the car through the rolled-down window and then walked back to the officer's car, giving the officer a cocaine rock in exchange for the additional two dollars. Cunningham asked the officer if he wanted "10 more." The officer did, and gave Cunningham a prerecorded $10 bill. Cunningham repeated the retrieval process, but, while his arms were in defendant's car, the "buy/bust" arrest team vehicle pulled up and one of the team's officers arrested Cunningham. The buying officer never saw defendant reach for anything or hand anything to Cunningham.

Two other officers of the arrest team (one uniformed, the other plain-clothed) got out of the team vehicle, identified themselves, and ordered defendant to shut off her car engine, which she had just started. Although one of the officers drew his service pistol, defendant drove off with marked police cars in pursuit.

During the chase, defendant ignored stop lights, stop signs, one-way directions, and speed limits. Eventually, an officer stopped defendant's car and she was arrested after a short foot chase.

A search of defendant's car yielded the prerecorded $10 bill and a second piece of rock cocaine on the front floorboard. An expert explained that, during a drug sale, an intermediary will often act as a go-between for the seller, who is actually holding the dope, and the buyer.

Defendant denied any involvement in or knowledge of the drug transactions; she was merely in the area to get her car fixed and Cunningham co-incidentally was helping her to find her mechanic. At one point, Cunningham sat in her car. She drove off because she became frightened of the people around her car.

DISCUSSION

1., 2.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 3. *Multiple Convictions*

Defendant contends she was improperly convicted for both selling the cocaine rock in count one and possessing that same rock for sale in count two, a necessarily included offense. We disagree.

---

*See footnote, *ante*, page 979.

■ Our state high court has long held that multiple convictions may not be based on necessarily included offenses. (*People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) Here the prosecutor argued, and the trial court in effect instructed, that the offense of possession of cocaine with the intent to sell (count two) could be based not only on the second cocaine rock found in defendant's car after the chase, but also, alternatively, on the first cocaine rock sold to the undercover officer. Defendant contends, correctly, that the record does not show upon which rock the jury founded the count two conviction. If the jury relied upon the first cocaine rock, defendant argues, she was improperly subjected to multiple convictions. This is because she was convicted of *both* selling the first rock in count one and possessing that same rock for sale in count two, a necessarily included offense to count one as shown by the evidence adduced at trial.

The information in this case charged defendant with selling cocaine base in count one and with possessing cocaine base for sale in count two. In applying the rule prohibiting multiple convictions in the context of necessarily included *charged* offenses, a lesser offense is deemed necessarily included in a greater offense only if the statutory elements of the greater offense include all of the statutory elements of the lesser offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1230–1231 [45 Cal.Rptr.3d 353, 137 P.3d 184] [in applying the rule prohibiting multiple convictions of necessarily included offenses, "[c]ourts should consider [both] the statutory elements and [the] accusatory pleading [tests of necessarily included offenses] in deciding whether a defendant received [adequate] notice, and therefore may be convicted, of an *uncharged* crime [so as to satisfy due process], but only the statutory elements [test] in deciding whether a defendant may be convicted of multiple *charged* crimes" (*id.* at p. 1231) because " '[c]oncerns about notice are irrelevant when [the multiple offenses] are separately charged' " (*id.* at p. 1230). As we shall explain, the applicable test here of a necessarily included offense, the statutory elements test—a much narrower test than the outdated test set forth in cases upon which defendant relies—was not met, and defendant's convictions for selling and possessing for sale are proper. (See, e.g., *People v. Francis* (1969) 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591] (*Francis*).)

The outdated test of a necessarily included offense upon which defendant relies encompasses an offense in which the *facts* established by the evidence at trial make it impossible to commit one offense without also committing another. (See *People v. Thomas* (1991) 231 Cal.App.3d 299, 304–306 [282 Cal.Rptr. 258] (*Thomas*) [discussing the tests of a necessarily included offense and the decisions embodying them, including the outdated test

decision of *Francis, supra,* 71 Cal.2d at p. 73, upon which defendant primarily relies]; see also *People v. Ortega* (1998) 19 Cal.4th 686, 698 [80 Cal.Rptr.2d 489, 968 P.2d 48] ["There are several practical reasons for not considering the evidence adduced at trial in determining whether one offense is necessarily included within another"—i.e., providing notice to defendant up front of all possible offenses, promoting consistency in applying the multiple conviction proscription, and easing the burden on trial and appellate courts in applying that proscription].)

■ Applying the statutory elements test here, a conviction for the greater offense of selling the cocaine (count one) does not require, as one of its statutory elements, the lesser offense of possessing the cocaine for sale (count two); possession is not an essential element of the sale offense. For example, one can broker a sale of a controlled substance that is within the exclusive possession of another. (*People v. Peregrina-Larios* (1994) 22 Cal.App.4th 1522, 1524 [28 Cal.Rptr.2d 316]; *People v. Rogers* (1971) 5 Cal.3d 129, 134 [95 Cal.Rptr. 601, 486 P.2d 129] [in fn. 3, however, *Rogers* applies the outdated test; see discussion of this at *Thomas, supra,* 231 Cal.App.3d at pp. 304–305]; see also CALJIC No. 12.02 [elements of offense of selling a controlled substance are (i) sale of the substance, and (ii) knowledge of the presence and nature of the substance].)

■ Under the statutory elements test that applies here, then, defendant was properly convicted of the sale and the possession offenses, both of which were charged. (In line with Pen. Code, § 654, which prohibits multiple *punishment,* the trial court properly stayed the sentence for the possession conviction.)

4., 5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 979.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Butz, J., concurred.

On September 25, 2007, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 28, 2007, S157095. Moreno, J., was of the opinion that the petition should be granted.