[No. S158076. June 25, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ROLAND WILLIAM DIECK, Defendant and Appellant.

**COUNSEL**

Gary E. McCurdy, under appointment by the Supreme Court, and William Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Dane R. Gillette, Chief Assistant Attorneys General, Donald E. de Nicola, Deputy State Solicitor General, Michael P. Farrell, Assistant Attorney General, Janis Shank McLean, Jane N. Kirkland, David A. Rhodes, Janet E. Neeley and Paul A. Bernardino, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORENO, J.**—We consider here whether a defendant must spend at least six days in custody prior to being sentenced to be entitled to "conduct credit" pursuant to Penal Code section 4019. We conclude that the statute does not require that a defendant spend six days in presentence confinement in order to be entitled to receive conduct credit pursuant to section 4019. Rather, the statute entitles a defendant to conduct credit if he or she is sentenced to, or otherwise committed for, a period of at least six days, without regard to the duration of presentence confinement.

## Background

Defendant was arrested on December 15, 2005, and spent five days in county jail before being released on his own recognizance on December 19, 2005. On December 19, 2005, a complaint was filed against defendant alleging that he received stolen property in violation of Penal Code[1] section 496, subdivision (a), cultivated marijuana in violation of Health and Safety Code section 11358, and was a felon in possession of a firearm in violation of section 12021, subdivision (a)(1).

On February 8, 2006, defendant pled nolo contendere to felony receipt of stolen property in violation of section 496, subdivision (a), and possession of concentrated cannabis in violation of Health and Safety Code section 11357, subdivision (a), which is a lesser included offense of the charged offense of marijuana cultivation. On April 5, 2006, defendant was sentenced to state prison for the midterm of two years for receiving stolen property in violation of section 496, subdivision (a), and to a consecutive term of one-third of the midterm, or eight months, for possession of concentrated cannabis in violation of Health and Safety Code section 11357, subdivision (a). Execution of defendant's two-year eight-month sentence was suspended, and defendant was placed on probation for five years, on condition that he serve 365 days in county jail, "with credit for time served of five days, based on actual time of five days, and no conduct credits."

Defendant appealed, arguing that under section 4019, subdivision (f), he should have received a credit of seven days—two days of conduct credit in addition to the five days he actually served. In an unpublished decision, the Court of Appeal disagreed with defendant, concluding that section 4019, subdivision (e) precluded defendant from receiving conduct credit for the five days he had served because he had not spent six days in presentence[2] custody. The Court of Appeal concluded that the language of section 4019, subdivision (e) unambiguously requires that a defendant serve six days in presentence custody in order to receive conduct credit under section 4019.

We granted review to determine whether defendant was entitled to conduct credit under section 4019 based upon the five days he spent in custody prior to being committed to county jail for 365 days as a condition of probation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] For ease of reference, the term "presentence" is used throughout this opinion to refer to a period of incarceration that occurs prior to sentencing, an order of probation, a judgment of imprisonment, or any other form of commitment to a custodial facility.

## Discussion

■ " 'The presentence credit scheme, section 4019, focuses primarily on encouraging minimal cooperation and good behavior by persons temporarily detained in local custody before they are convicted, sentenced, and committed . . . .' " (*People v. Brown* (2004) 33 Cal.4th 382, 405 [15 Cal.Rptr.3d 624, 93 P.3d 244], quoting *People v. Buckhalter* (2001) 26 Cal.4th 20, 36 [108 Cal.Rptr.2d 625, 25 P.3d 1103].) Section 4019 describes the two types of conduct credit available to prisoners "confined in or committed to" county or city jails, industrial farms, or road camps.[3] Section 4019, subdivision (b) describes credit for worktime and provides that, "for each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless . . . the prisoner has refused to satisfactorily perform labor as assigned . . . ." Section 4019, subdivision (c), the good behavior provision, similarly provides that, "[f]or each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted" from each six-day period of confinement unless the prisoner fails to comply with applicable rules and regulations.[4]

Section 4019, subdivision (f) clarifies that subdivisions (b) and (c) are to be read together to provide a total of two days of conduct credit for every four-day period of incarceration: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." Section 4019, subdivision (e) sets forth the minimum length of commitment for the statute to apply: "No deduction may be made under this section unless the person is committed for a period of six days or longer."

■ The Court of Appeal concluded that section 4019, subdivision (e) unambiguously provided that a defendant must spend a minimum of six days in presentence custody in order to be entitled to conduct credit. When construing a statute, our primary task is to ascertain the Legislature's intent. (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142,

---

[3] "Conduct credit" collectively refers to worktime credit pursuant to section 4019, subdivision (b), and to good behavior credit pursuant to section 4019, subdivision (c). (See *People v. Cooper* (2002) 27 Cal.4th 38, 40 [115 Cal.Rptr.2d 219, 37 P.3d 403].) We note that "[o]nce a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the period of incarceration." (*People v. Buckhalter, supra,* 26 Cal.4th at p. 31.)

[4] For purposes of this analysis, we assume without deciding that defendant was eligible for good behavior and worktime credits, and address only whether defendant was entitled to conduct credit based upon the duration of his precommitment confinement.

1147 [74 Cal.Rptr.3d 81, 179 P.3d 882].) We begin our task by determining whether the language of the statute is ambiguous. (*Ibid.*) A statutory provision is ambiguous if it is susceptible of two reasonable interpretations. (*Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 519 [106 Cal.Rptr.2d 548, 22 P.3d 324].) " 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808].)" (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539].) ■ While we agree that section 4019 is susceptible of only one reasonable interpretation, we conclude, contrary to the Court of Appeal's construction, that section 4019, subdivision (e) sets forth a minimum duration of ordered commitment, not a minimum term of presentence incarceration. A defendant who spends at least four days in presentence custody is entitled to conduct credit under section 4019 if that defendant is sentenced or otherwise "committed" (as described below) for a period of at least six days, assuming he or she satisfies the eligibility criteria set forth in the statute.

■ Proper interpretation of section 4019 rests on the difference between the terms "committed" and "confined." A defendant is not entitled to conduct credit unless he or she "is committed for a period of six days or longer." (§ 4019, subd. (e).) "Committed," as relevant here, means a judicial officer's order sending a defendant to jail, prison, or other form of qualifying confinement. (See, e.g., Black's Law Dict. (8th ed. 2004) p. 288 ["commit" defined as "[t]o send (a person) to prison" or jail]; see also §§ 859a, subd. (a) ["the magistrate . . . shall immediately commit the defendant . . ."], 862, 873, 881, subds. (a), (b).) Thus, a defendant is not entitled to conduct credit unless his or her *total commitment* (be it a sentence, probation condition, judgment of imprisonment, or other enumerated form of commitment set forth in § 4019, subd. (a)(1)–(4)) is at least six days. In contrast, the term "confinement" is defined as "the state of being imprisoned or restrained." (Black's Law Dict., *supra*, at p. 318.) Subdivision (e), which uses the word "committed" but not the word "confined," requires only that a person be *ordered to spend* at least six days in custody before the statute is applicable, not that a person must actually spend a full six days in custody prior to sentencing.

The plain language of the statute demonstrates that the Legislature was mindful of the distinction between the terms "confined" and "committed." In each subdivision of section 4019 that contains the word "committed"—other than subdivision (e)—the word "confined" appears alongside the word "committed." (§ 4019, subds. (a)(1)–(3), (b), (c) ["a prisoner is confined in or committed to"].) Each of these subdivisions refers to the order imposed upon a defendant to spend a period of time in custody ("committed to") and

to the actual period of incarceration ("confined in"). Section 4019, subdivision (e), by contrast, addresses only a prisoner's commitment, establishing a minimum eligibility for application of the statute such that conduct credit is unavailable unless a prisoner is ordered to spend at least six days in custody. Section 4019, subdivision (e) cannot be understood to require that a prisoner spend six days in presentence confinement before he or she is entitled to receive conduct credit; if that were the case, the Legislature could have so indicated by using the word "confined" rather than the word "committed."

The People agree that defendant was ultimately entitled to conduct credit because he was committed for a period of more than six days, but argue that defendant was not entitled to conduct credit *at the time of his sentencing* because he had not yet spent six days in confinement.[5] The People argue that a prisoner cannot earn conduct credit pursuant to section 4019 until his or her sixth day of confinement. The People place emphasis on the word "deducted" in subdivisions (b) and (c), arguing that because the statute indicates that one day "shall be deducted" for good behavior and worktime, conduct credit accrues during the first five days of confinement but is not earned and available until the sixth day, when a deduction can occur. Thus, the People argue that the Court of Appeal was correct in concluding that defendant was not entitled to conduct credit because, at the time of sentencing, he had spent only five, not six, days in custody.

The People's argument is flawed in several respects. A plain reading of the statute demonstrates that section 4019 does not require that a person spend a full six days in custody before being entitled to conduct credit; the statute expressly provides that a person will be deemed to have served six days for every four spent in actual custody. (§ 4019, subd. (f).) Section 4019, subdivisions (b) and (c) provide that conduct credit is calculated based upon "each six-day period in which a prisoner is confined in or committed to a facility . . . ." As addressed above, confinement refers to actual incarceration, while commitment refers to an order of confinement for a certain duration. Because subdivisions (b) and (c) contemplate that conduct credit deductions may be made from a six-day period of *commitment* (and commitment refers to a period of future confinement), it cannot follow that a six-day period of *confinement* is a necessary precondition to receiving conduct credit.

---

[5] Defendant argues that the People's position here marks a departure from what was argued before the Court of Appeal. Additionally, the parties now agree that defendant received all of the conduct credit to which he was entitled, and that his five days of precommitment incarceration eventually were included in the calculation of his conduct credit. However, the fact that defendant received the conduct credit to which he was ultimately entitled does not resolve the question of whether defendant was entitled to that credit at the time of his commitment. We conclude that he was, and accordingly address herein both *whether* defendant was entitled to credit, which is not disputed by the parties, and *when* defendant was entitled to receive that credit.

Moreover, as defendant argues, section 4019, subdivisions (b) and (c) cannot be read as limiting conduct credit entitlement only to those who have served a six-day period of confinement, because such an interpretation would alter the conduct credit ratio set forth in the statute, leading to the result of requiring certain defendants to spend an additional day or two in custody. If, as the People suggest, conduct credit could not be computed until six days of confinement had passed, an individual committed for six days (and eligible for conduct credit) would spend the same amount of time confined as an individual committed for eight days. As defendant points out, the People's interpretation means that an individual "would have to serve six days out of every eight, or 75% (three-fourths) of his [or her] time in actual custody. Under subdivision (f), a prisoner need only serve four days out of every six, or 66.67% (i.e., two-thirds) of his [or her] time in actual custody."[6]

Put another way, if conduct credit could not be awarded until the conclusion of a six-day period, an individual serving an eight-day sentence would be eligible for release on the sixth day of confinement (having served six days, and having earned two days of conduct credit for a total of eight days credited). If that same individual was instead committed for six days, conduct credit would not be calculated until he or she had served all six days of the term. Although he or she would have been entitled to two days of conduct credit, the individual would never have been given the opportunity to reap the benefit of his or her good behavior and worktime. Such a result is inconsistent with the stated intent of the Legislature that "a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, subd. (f).)

The People contend that section 4019, subdivision (e)—which states that no conduct credit is available unless an individual is committed for a period of at least six days—constitutes a practical recognition that an individual would not have time to earn credit under subdivisions (b) and (c) before spending six days in confinement. The People also argue that the term "earned" in subdivision (f) constitutes a recognition that conduct credit is unavailable until six days in confinement have passed. Not so. Subdivision

---

[6] We note that the statute's legislative history supports our construction of the statute. "It was always the legislative intent that a county prisoner serve 2/3 of his sentence rather than more." (Assem. Com. on Criminal Justice, mem. summarizing Assem. Bill No. 3693 (1978–1979 Reg. Sess.) as amended May 11, 1978, p. 2.) Assembly Bill No. 3693, as enacted, amended section 4019, subdivisions (b) and (c) to provide that conduct credit would be calculated based on a six-day period rather than one-fifth of a month, and changed the basis for calculating conduct credit "from period of confinement to period of commitment." (Assem. Off. of Research, 3d reading analysis of Assem. Bill No. 3693 (1978–1979 Reg. Sess.) as amended May 11, 1978, p. 1.)

(e), as addressed above, simply establishes a minimum threshold of commitment duration before the statute is applicable. Subdivisions (b) and (c) do not establish a threshold; rather, as defendant suggests, those subdivisions explain how conduct credits may be earned and at what rate. Subdivision (f) clarifies that conduct credit, if earned, is to be awarded based upon four days of confinement, not six days (otherwise the subdivision would have provided that "a term of [eight] days will be deemed to have been served for every [six] days spent in actual custody").

The People's proposed interpretation of section 4019, subdivisions (b) and (c), is also inconsistent with our prior construction of the statute. In *People v. Cooper* we noted that "[d]efendants detained in a county jail, or other equivalent specified facility, 'prior to the imposition of sentence,' may also be eligible for presentence [conduct] credits . . . of up to two days for every four days of actual custody." (*People v. Cooper, supra,* 27 Cal.4th at p. 40; see also *In re Martinez* (2003) 30 Cal.4th 29, 34 [131 Cal.Rptr.2d 921, 65 P.3d 411] ["A nonviolent offender may receive a credit up to 50 percent of her actual presentence confinement. (§ 4019.)"].) In *People v. Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515], the Court of Appeal held that under section 4019, "[c]redits are given in increments of four days. No credit is awarded for anything less." In *In re Marquez* (2003) 30 Cal.4th 14, 26 [131 Cal.Rptr.2d 911, 65 P.3d 403], we noted that " '[o]ther courts have adopted the [*People v.*] *Smith* approach to the calculation of credits.' (*People v. Fabela* (1993) 12 Cal.App.4th 1661, 1664 [16 Cal.Rptr.2d 447] [citations].) We do as well." We see no reason to depart from our prior interpretation of section 4019.

 We conclude that defendant was entitled to conduct credit based upon the five days he spent in presentence custody, and that the trial court erred when it awarded credit only for actual time served, but did not award conduct credit. When a defendant is committed for six or more days, he or she is entitled to presentence conduct credit for every four days spent in confinement. Here, because defendant had served five days of actual custody and was committed for a period of six or more days, the trial court should have awarded defendant five days actual custody credit, plus two days of conduct credit.

## Conclusion

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.