Filed 10/8/13  P. v. Bacon CA2/8
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B214314 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA 043109) |
| v. | |
| RONNIE EUGENE BACON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Chung, Judge. Affirmed as modified.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

We revisit the appeal of Ronnie Eugene Bacon after the California Supreme Court transferred the case back to this court. On count 1, appellant was convicted of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) (section 11377(a))).[1] On count 2, he was convicted of furnishing or giving away a controlled substance (§ 11379, subd. (a) (section 11379(a)).[2] He was sentenced to prison for three years on count 1, with a concurrent term of three years on count 2.

Appellant contends that (1) count 2 must be reversed because his actions did not constitute a violation of section 11379(a), and (2) count 1 must be stricken because it is a lesser included offense of count 2.

Subsequent to the initial briefing, the trial court denied appellant's request for additional custody credits. During our initial consideration of this appeal, the issue was raised via supplemental briefing. In our opinion filed on July 1, 2010, we awarded appellant additional conduct credits pursuant to then recently amended Penal Code section 4019 (Senate Bill No. 18). (Pen. Code, § 4019, subds. (b) & (c), as amended by Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50; Sen. Bill No. 3X 18 (2009-2010 3d Ex. Sess.) § 50.)[3] Our ruling applied Senate Bill No. 18 retroactively.

Our initial opinion stayed appellant's sentence on count 1 and awarded 10 days of additional conduct credits but otherwise affirmed the trial court's judgment. Appellant filed a petition for review with the California Supreme Court, which the court denied. However, our Supreme Court ordered review on its own motion and deferred further

---

[1] Subsequent statutory references are to the Health and Safety Code unless otherwise stated.

[2] The amended information originally named the section 11379(a) violation as count 1 and the section 11377(a) violation as count 2. Before the trial started, an oral amendment by the prosecutor made the section 11377(a) violation count 1 and the section 11379(a) violation count 2.

[3] Senate Bill No. 18 was only in effect for eight months and has since been superseded, as discussed further in footnote 4, *post*. (*People v. Brown* (2012) 54 Cal.4th 314, 317-318, 320.)

action pending consideration and disposition of the conduct credits issue in *People v. Brown* (Mar. 16, 2010, C056510), review granted June 9, 2010, S181963. Thereafter, in *People v. Brown, supra*, 54 Cal.4th 314, our high court held Senate Bill No. 18 must be applied prospectively, and the equal protection clauses of the federal and state Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a)) do not require retroactive application. (54 Cal.4th at pp. 318, 325-329.)

The Supreme Court transferred the case back to this court with directions to vacate our former decision in this case and reconsider the cause in light of its decision in *People v. Brown, supra*, 54 Cal.4th 314. No party has filed a supplemental brief in this court following the Supreme Court's order transferring the cause to this court. (Cal. Rules of Court, rule 8.200(b).) In accordance with the Supreme Court's directions, we vacate our former decision in this matter and reconsider part 3. of the Discussion, but in all other respects, we reissue our original opinion in this matter. We stay count 1 pursuant to Penal Code section 654 but otherwise affirm the judgment.

## FACTS

### 1. *Prosecution Evidence*

While on patrol on August 11, 2008, two deputy sheriffs saw that a group of people were standing next to a van that was parked in the parking lot of a bar. The deputies left their car and walked toward the van because its license plate had expired. A woman frantically moved around inside the van, as if trying to hide something. Appellant stood outside the van, apparently warning the woman of the deputies' approach. Appellant then walked into the bar with a woman later identified as Jetti Coleman. The deputies saw a plastic bag of methamphetamine in plain view in the van. They found various items relating to narcotics transactions when they searched the van and the people who were still standing around it.

The first two deputies gave a description of appellant and Coleman to two other deputies who arrived at the scene. The latter two deputies walked into the bar to detain appellant and Coleman. They saw appellant and Coleman standing near the bar's

3

bathroom. Appellant handed a small plastic bag to Coleman, who immediately went into the bathroom. Appellant started yelling that the deputies had no right to search him. One of the deputies followed Coleman into the bathroom. Coleman was standing next to the trash can. Inside the trash can, the deputy found a plastic bag that contained a usable amount of methamphetamine. No drugs were found on appellant.

## 2. Defense Evidence

Danielle Kitchen testified that she was inside the van when the deputies arrived in the parking lot. The deputies said that people who were on probation or parole were to stay outside, and everyone else was to go back into the bar or leave. Appellant was not on probation or parole, so he went into the bar. Kitchen also testified that she had used methamphetamine before. She also had previously been convicted of possessing a controlled substance for sale and giving false identification to the police.

## DISCUSSION

### 1. The Issue Regarding Count 2

Section 11379(a) penalizes "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . ."

The language of count 2 in the amended information named all of the crimes in section 11379(a). The prosecutor clarified in opening statement and final argument that count 2 concerned "[t]he giving of drugs to somebody else." The prosecutor further explained that count 2 was based on appellant's handing the drugs to Coleman, who went into the bathroom to hide or dispose of them. The specific offense for which appellant was prosecuted was therefore "[t]he crime of furnishing, administering, or giving away a controlled substance . . . ." (2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, § 100, p. 615.)

Appellant argues that he did not furnish or give away the drugs, within the meaning of section 11379(a), because the People had to prove that he handed the drugs to

4

Coleman for the purpose of consumption or further sale, but the evidence showed that he handed the drugs to Coleman for the purpose of destruction or concealment. The contention lacks merit. The People had to prove that appellant gave away a controlled substance with knowledge of its presence and nature as a controlled substance. (CALJIC No. 12.02; see 2 Witkin & Epstein, Cal. Criminal Law, *supra*, § 100, pp. 615-616; *People v. Castro* (1959) 167 Cal.App.2d 332, 337.) There is no requirement that the drugs be given away for a specific purpose.

Respondent argues that a violation of section 11379(a) was proven because appellant transported the bag of methamphetamine when he walked with it from the parking lot into the bar. (See, e.g., *People v. Ormiston* (2003) 105 Cal.App.4th 676, 682.) Appellant counters in the reply brief that transportation cannot be used as the basis for affirming count 2 because the People relied below on the crime of furnishing or giving away the drug and not the crime of transporting it. We need not analyze the problem in detail because there was substantial evidence that appellant gave away the methamphetamine, and that is the crime on which the People relied below.

## 2. *The Issue Regarding Count 1*

As previously indicated, count 1 alleged a violation of section 11377(a), possession of a controlled substance, while count 2 involved a violation of section 11379(a), based on furnishing or giving away a controlled substance.

The jury was instructed that count 1 was a lesser offense of count 2, and if it found appellant guilty on count 2, all other verdict forms were to be left unsigned. Even so, the jury returned guilty verdicts on both counts 1 and 2. At the sentencing hearing, the trial court imposed concurrent three-year sentences on both counts.

Appellant contends that count 1 must be stricken, as count 1 is a lesser included offense of count 2, and multiple convictions cannot be based on necessarily included offenses. (*People v. Medina* (2007) 41 Cal.4th 685, 702; *People v. Pearson* (1986) 42 Cal.3d 351, 355.) Respondent counters that count 1 is not a lesser included offense of count 2, but count 1 must be stayed due to Penal Code section 654's prohibition against

multiple punishment. (*People v. Ortega* (1998) 19 Cal.4th 686, 692, disapproved on another point in *People v. Reed* (2006) 38 Cal.4th 1224, 1228-1229, 1231.)

To decide whether the correct result is to strike count 1 or to stay it, we must determine whether count 1 is a lesser included offense of count 2.

There are two possible tests. The first is whether the statutory elements of the greater offense are such that the greater offense cannot be committed without also committing the lesser. The second is whether the facts actually alleged in the accusatory pleading include all the elements of the lesser offense, so that the greater offense cannot be committed without also committing the lesser offense. (See *People v. Birks* (1998) 19 Cal.4th 108, 117.) If the greater and lesser offenses appear in the charges, as they do here, only the statutory elements test is used. (*People v. Reed*, *supra*, 38 Cal.4th at p. 1231.)

Possession of a controlled substance is not a necessarily lesser included offense of selling that same substance because the elements of possession and a usable quantity exist for the former and not the latter crime. (*People v. Murphy* (2007) 154 Cal.App.4th 979, 984 (*Murphy*); *People v. Peregrina-Larios* (1994) 22 Cal.App.4th 1522, 1524 (*Peregrina-Larios*).) "For example, one can broker a sale of a controlled substance that is within the exclusive possession of another." (*Murphy*, at p. 984.)

Appellant cites *People v. Tinajero* (1993) 19 Cal.App.4th 1541, 1547, which stated that possession for sale and simple possession of cocaine are lesser included offenses of the sale or transportation of cocaine. We do not find *Tinajero* to be persuasive because, unlike *Peregrina-Larios* and *Murphy*, *Tinajero* did not recognize that an aider and abettor can sell a drug without possessing it.

Similarly, due to the possibility of aiding and abetting, a defendant can furnish or give away a controlled substance without actually possessing it. For example, "one who acts as a go-between or agent of either the buyer or seller clearly may be found guilty of furnishing as an aider and abettor to the seller." (*People v. Edwards* (1985) 39 Cal.3d 107, 114, fn. 5.)

6

We therefore conclude that the offense in count 1 is not a lesser included offense of the offense in count 2. That conclusion means that count 1 must be stayed pursuant to Penal Code section 654 and not stricken.

### 3. The Credits Issue

Appellant spent 18 days in jail prior to the sentencing hearing. The issue is the appropriate formula for computing local conduct credit. The crimes occurred on August 11, 2008. When the court sentenced appellant on February 9, 2009, he received 26 days of total presentence credits, which was 18 days of actual credits and eight days of local conduct credits.

That computation of local conduct credits complied with Penal Code former section 4019, subdivision (f) (section 4019(f)), which provided that "a term of six days will be deemed to have been served for every four days spent in actual custody." Pursuant to that language of former section 4019, a "total of two days of conduct credit" applied to "every four-day period of incarceration." (*People v. Dieck* (2009) 46 Cal.4th 934, 939.)

Effective January 25, 2010, the Legislature amended Penal Code former section 4019(f) through Senate Bill No. 18, so that, except for crimes not involved here, "a term of four days will be deemed to have been served for every two days spent in actual custody." (Pen. Code, § 4019, subds. (b) & (c), as amended by Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50; Sen. Bill No. 3X 18 (2009-2010 3d Ex. Sess.) § 50.) The amendment did not include a savings clause.[4]

While this appeal was pending, appellant applied to the trial court for 10 more days of local conduct credit, based on a retroactive application of Senate Bill No. 18. If Senate Bill No. 18 applied, appellant would have had 36 days of total presentence credit,

---

[4]    "[Senate Bill No. 18] remained in effect only until September 28, 2010, when the Legislature further amended the statute to restore the original, lower credit-earning rate. (Stats. 2010, ch. 426, § 2.) Thereafter, the Legislature amended the statute yet again to raise the rate. (Stats. 2011, ch. 15, § 482, eff. April 4, 2011.)" (*People v. Brown*, *supra*, 54 Cal.4th at p. 318, fn. 3.)

through the combination of 18 days of actual custody and 18 days of local conduct credit. The trial court refused to award the additional credit because appellant was convicted and sentenced prior to the effective date of Senate Bill No. 18.

In *People v. Brown, supra*, 54 Cal.4th 314, our Supreme Court rejected appellant's argument and held Senate Bill No. 18 must be applied prospectively, and the equal protection clauses of the federal and state Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a)) do not require retroactive application. (*People v. Brown, supra*, at pp. 318, 325-329.) Accordingly, we hold Senate Bill No. 18 did not apply retroactively and appellant is not entitled to additional conduct credits. (*People v. Brown, supra*, at pp. 318, 325-329.)

## DISPOSITION

The trial court shall prepare an amended abstract of judgment to show that execution of sentence on count 1 is stayed pursuant to Penal Code section 654 pending service of sentence on count 2, and the stay shall become permanent when service of sentence on count 2 is completed. A copy of the amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.



                                        FLIER, J.

WE CONCUR:



        RUBIN, Acting P. J.



        GRIMES, J.

8