Filed 5/6/13  P. v. Luera CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064422 |
| v. | (Super. Ct. No. 09CM0520) |
| LOUIE PAUL LUERA, JR., | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Heather MacKay, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Poochigian, J., and Detjen, J.

In May 2009, appellant, Louie Paul Luera, Jr., pled guilty to unlawful possession of a dagger (Pen. Code,[1] § 12020, subd. (a)(4)), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), possession of narcotics paraphernalia (Health & Saf. Code, § 11364), and giving a false identity to a peace officer (§ 148.9, subd. (a)), and admitted allegations that he had suffered a "strike"[2] and that he had served three separate prison terms for prior felony convictions (§ 667.5, subd. (b)).

In June 2009, the court imposed a prison term of seven years and awarded appellant presentence credits of 164 days, consisting of 110 days of actual time credits and 54 days of custody credits. Appellant filed a timely notice of appeal, and in April 2010, this court, in case No. F058170, affirmed the judgment.[3]

In January 2012, appellant filed a "**MOTION TO CORRECT ABSTRACT OF JUDGMENT**" (credits motion) in which he argued that he was entitled to additional presentence credits. The court denied the motion. The instant appeal followed.

On appeal, appellant's sole contention is that the court erred in denying his credits motion. Specifically, he argues that the court's failure to award him presentence conduct credits under the one-for-one credit scheme of the current iteration of section 4019 violated his constitutional right to equal protection of the laws. We affirm.

## DISCUSSION

Under section 2900.5, a person sentenced to state prison for criminal conduct is entitled to presentence custody credits for all days spent in custody before sentencing.

---

[1] Except as otherwise indicated, all statutory references are to the Penal Code.

[2] We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

[3] Both parties have requested that we take judicial notice of the record in appellant's earlier appeal. We grant those requests. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

(§ 2900.5, subd. (a).) In addition, section 4019 provides for what are commonly called conduct credits, i.e., credits against a prison sentence for willingness to perform assigned labor (§ 4019, subd. (b)) and compliance with rules and regulations (§ 4019, subd. (c)). (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

Section 4019 has undergone numerous amendments in the past few years. Under the version in effect prior to January 25, 2010, at the time of appellant's sentencing, six days would be deemed to have been served for every four days spent in actual custody— a ratio of one day of conduct credit for every two days served (one-for-two credits). (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553-4554.) Effective January 25, 2010, the Legislature amended section 4019 to provide that any person who is not required to register as a sex offender and is not being committed to prison for, or has not suffered a prior conviction of, a serious felony as defined in section 1192.7 or a violent felony as defined in section 667.5, subdivision (c), may accrue one-for-one credits, i.e., conduct credits accrued at the rate of two days for every two days served. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.)[4] Effective September 28, 2010, the Legislature again amended section 4019, this time to restore the less generous one-for-two credits for defendants confined for crimes committed on or after September 28, 2010. (Stats. 2010, ch. 426, § 2.)

The Legislature next amended section 4019 in Assembly Bill No. 109 (2011-2012 Reg. Sess.). Under the new legislation, to which we refer as the 2011 amendment, defendants, including those who had been precluded from enhanced credits under the January 25, 2010, amendment, can receive one-for-one credits. (§ 4019, subds. (b), (c), as amended by Stats. 2011, ch. 15, § 482.) The legislation expressly provided that this change "shall apply prospectively and shall apply to prisoners who are confined to a

---

[4] We refer to this amendment as the January 25, 2010, amendment.

3

county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h), as added by Stats. 2011, ch. 15, § 482 and amended by Stats. 2011, ch. 39, § 53.)

Appellant committed the instant offenses in March 2009, more than two and one-half years prior to October 1, 2011, and therefore, as appellant acknowledges, the 2011 amendment, by its terms, does not apply to him. He also effectively concedes that the trial court, in awarding him one-for-two credits, correctly applied the version in effect prior to the January 25, 2010, amendment. However, as indicated above, he argues that under equal protection principles, he is entitled to one-for-one credits under the 2011 amendment.

Appellant posits two groups, viz., (1) "[p]risoners who have a prior serious or violent felony conviction, a current serious felony conviction, or who are required to register as sex offenders ... [who have] committed their offenses before October 1, 2011," and (2) "[p]risoners with the same sorts of criminal histories, but who committed their most recent offense on or after October 1, 2011 ...." He argues that because prisoners in the first group, of which he is member, are statutorily ineligible for one-for-one credits under the 2011 amendment and are subject to the less generous one-for-two credits accrual provisions of the version of section 4019 in effect prior to January 25, 2010, whereas prisoners in the second group may earn one-for-one credits under the 2011 amendment, the two groups are subject to "disparate treatment." And, this disparate treatment violates equal protection principles, he argues, because (1) the two groups are "similarly situated" with respect to the purposes of the 2011 amendment, and (2) "there is neither a compelling state interest nor a rational basis for [such] disparate treatment ...." This equal protection violation, he contends, should be remedied by modifying the judgment to award him one-for-one credits of 220 days under the 2011 amendment to

4

section 4019 rather than the one-for-two credits awarded by the court under the version of section 4019 in effect prior to January 25, 2010. We disagree.

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'" (*People v. Brown* (2012) 54 Cal.4th 314, 328 (*Brown*).)

In *Brown*, *supra*, 54 Cal.4th 314, decided after appellant filed his opening brief, our Supreme Court addressed whether the January 25, 2010, amendment should be given retroactive effect to permit prisoners who served time in local custody before the amendment's operative date to earn conduct credits at the increased rate. (*Brown*, at pp. 318-319.) The court held that prospective-only application of that amendment did not violate the equal protection clauses of the federal and state Constitutions. (*Id*. at pp. 328-330.) Addressing the issue of whether the defendant was similarly situated to those defendants who served time after the operative date, the court explained: "[T]he important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response. That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Id*. at pp. 328-329.)

Relying on *Brown*, this court, in *People v. Ellis* (2012) 207 Cal.App.4th 1546, rejected an equal protection challenge to the 2011 amendment virtually identical to that raised by appellant here: "We can find no reason *Brown's* conclusions and holding with

5

respect to the January 25, 2010, amendment should not apply with equal force to the October 1, 2011, amendment. [Citation.] Accordingly, we reject defendant's claim he is entitled to earn conduct credits at the enhanced rate provided by current section 4019 ...." (*People v. Ellis*, *supra*, at p. 1552; accord, *People v. Kennedy* (2012) 209 Cal.App.4th 385, 396-397.) For the same reason, we reject appellant's equal protection claim here.[5, 6]

## DISPOSITION

The judgment is affirmed.

---

**5** In his reply brief, appellant argues that *Brown* was wrongly decided. However, he acknowledges that we are bound by the *Brown* decision under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.

**6** The People argue, "Even if this Court concludes that equal protection principles compel retroactive application of [the 2011 amendment], the amendment should not be applied retroactively to appellant because his judgment was final prior to the effective date of [the 2011 amendment]." (Boldface, unnecessary capitalization omitted.) Because we reject appellant's equal protection claim, we need not reach this argument.