Filed 6/11/13  P. v. Landon CA1/2
Opinion on remand from the Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BRENDA LOUISE LANDON,<br><br>      Defendant and Appellant. | A123779<br><br>(Mendocino County Super. Ct, Nos. SCUKCRCR0781676 & SCWLCRCR0885031) |

On August 14, 2008, defendant pleaded guilty to driving under the influence (DUI) with a blood alcohol level greater than 0.08 percent (Veh. Code, § 23152, subd. (b)); she admitted four prior DUI convictions.  Subsequently, defendant was arrested for another DUI and, on September 18, 2008, she pleaded guilty to a DUI with prior convictions within 10 years (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)) and admitted committing the crime while released on her own recognizance (Pen. Code, § 12022.1, subd. (b)).[1]  The court held a sentencing hearing for both of these cases and sentenced defendant to state prison for a total of four years eight months.

Defendant appealed, and urged us to remand the matter to the trial court for a new sentencing hearing.  Defendant contended the lower court erred and violated

_____

[1]  All further unspecified code sections refer to the Penal Code.

1

her due process rights under the Fourteenth Amendment when it found her statutorily ineligible for probation under Penal Code section 1203, subdivision (e)(4). We rejected this request for remand for a new sentencing hearing because defendant failed to establish prejudice.

While the appeal was pending, the Legislature amended section 4019, which changed the calculation of presentence conduct credit. Defendant filed a motion in the trial court requesting that her presentence conduct credits be calculated in accordance with the amended statute. The lower court denied this request, finding that the amended statute did not apply retroactively. Defendant appealed from this ruling.

In our opinion filed April 13, 2010, we applied the amended statute retroactively. The California Supreme Court granted the People's petition for review. In *People v. Brown* (2012) 54 Cal.4th 314, the Supreme Court held that the amendment is applicable prospectively only and, therefore, defendant was not entitled to benefit from the amendment to section 4019.

On May 15, 2013, the Supreme Court transferred the present case back to us with directions to vacate our prior decision and to reconsider the cause in light of *People v. Brown, supra,* 54 Cal.4th 314. Under the holding of *People v. Brown,* we vacate our prior decision and now conclude defendant is not entitled to the benefits of amended section 4019. In all other respects, we reissue our original opinion in this matter. Accordingly, we affirm the judgment.

**BACKGROUND**

*The Two Arrests and Pleas*

At 9:49 p.m., on November 21, 2007, an officer received a dispatch report regarding a female driving a white van and a possible DUI. The officer spotted the white van, which was traveling at an extremely high rate of speed and without lit headlights. The officer saw the van proceed through two intersections without stopping or slowing. The officer had to drive approximately 70 miles per hour to come close enough to stop the van.

2

Defendant was the driver of the white van. As defendant got out of the vehicle, the officer saw her almost fall over. Defendant had an "extremely unsteady gait." The officer noticed that the left side of defendant's nose had blood from a scratch and defendant had a cut on the right side of her forehead. Defendant was too intoxicated to respond to the officer's question about what had happened. The officer had defendant perform field sobriety tests. She refused to submit to a preliminary alcohol-screening test. Dispatch advised the officer that defendant was on probation for a DUI and that she had a suspended driver's license. The officer arrested defendant. She was transported to a medical center where a blood sample was taken and she had a blood-alcohol content of 0.26 percent.

On March 13, 2008, an information was filed in case No. SCUKCRCR0781676, which charged defendant with two counts of DUI with prior convictions within 10 years (Veh. Code, §§ 23152, subds. (a) & (b), 23550, subd. (a)), and one count of misdemeanor driving while privileges were suspended (Veh. Code, § 14601.2, subd. (a)). The information alleged defendant had a blood-alcohol content of 0.15 percent or higher (Veh. Code, § 23578) and was driving 20 miles per hour over the maximum speed limit (Veh. Code, § 23582, subd. (a)).

On April 8, 2008, defendant pleaded not guilty to all charges and denied all allegations.

At 8:55 p.m., on June 28, 2008, an officer received a report of a woman driving a beige Mazda recklessly northbound on Main Street in Willits. The report stated that the driver, later identified as defendant, was swerving in and out of lanes of traffic and tailgating.

An officer stopped defendant's car as she was driving from a gas station. When defendant got out of her vehicle and approached the officer, the officer smelled alcohol and marijuana on defendant's breath and person. The officer also noticed that defendant's eyes were red and watery and that she was slurring her

speech. Defendant told the officer that she had numerous joint and skeletal problems making her unable to perform the field sobriety tests. She submitted to an in-field preliminary alcohol screening that showed a blood-alcohol content of 0.10 percent. The officer arrested defendant.

On July 21, 2008, an information in case No. SCWLCRCR0885031 was filed. This information charged defendant with one count of DUI with prior convictions within 10 years (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)), one count of transporting marijuana (Health & Saf. Code, § 11360, subd. (a)), and one count of misdemeanor driving while privileges were suspended (Veh. Code, § 14601.2, subd. (a)). The information alleged that the crimes were committed while defendant was released on her own recognizance (§ 12022.1, subd. (b)).

On August 14, 2008, pursuant to a negotiated disposition in case No. SCUKCRCR0781676, defendant pleaded guilty to a DUI with a blood-alcohol level greater than 0.08 percent (Veh. Code, § 23152, subd. (b)), and admitted four prior DUI convictions.

On September 18, 2008, pursuant to a negotiated disposition in case No. SCWLCRCR0885031, defendant pleaded guilty to a DUI with prior convictions within 10 years (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a)), and admitted committing the crime while released on her own recognizance (§ 12022.1, subd. (b)).

*Defendant's Competency*

The matter was set for sentencing but, on December 2, 2008, defense counsel expressed doubt regarding defendant's competency under section 1368. The court suspended proceedings and appointed two psychologists to evaluate defendant's competence. On December 17, 2008, the court reviewed the psychologists' reports and found defendant legally competent and reinstated criminal proceedings.

4

### *The Probation Report*

The probation officer filed her report and recommendation. The probation officer recommended that the court deny probation and sentence defendant to a total of five years. The probation report set forth the following convictions of defendant in Louisiana: soliciting for prostitution in February 1989, "access device fraud" in 1992, forgery in 1993, and issuing worthless checks in 1993.

Defendant's current probation officer spoke with Felix Indest, defendant's probation officer in Louisiana. According to Indest, defendant had a history of substance abuse and prostitution.

With regard to criteria affecting probation, the California probation officer stated that the circumstances of the crimes as compared to other instances of the same crime were more serious because of defendant's high blood alcohol and the speed she was traveling in her vehicle. The circumstances in aggravation, according to the probation report, were defendant's numerous prior convictions as an adult, which increased in seriousness. Additionally, defendant was on probation when the crime was committed and defendant's prior performance on probation had been unsatisfactory. Defendant appeared remorseful but the probation officer warned that defendant's DUI history was likely to persist and that she would continue to endanger others if not imprisoned. With regard to circumstances in mitigation, the probation officer noted that defendant suffered from an alcohol addiction, which possibly reduced her culpability for the crime.

The probation officer noted that defendant had pleaded guilty to her fifth DUI. The probation officer stated that defendant had been provided ample opportunity to address her alcohol problems, but had failed to do so and continued to be a serious danger to the community. At the time of the probation report, defendant had a pending matter in the court for her sixth DUI. The probation officer stated that defendant had four prior felony convictions in Louisiana and was presumptively ineligible for probation, except in unusual cases where the

interest of justice would be served. The probation officer stated that she did "not see any circumstances in this case, which would justify this case as unusual."

*The Sentencing Hearing*

Defendant testified at the sentencing hearing and promised never to drink alcohol again and requested probation conditioned on a long-term residential treatment program. Defense counsel argued that the court did not have reliable evidence that two of the convictions in Louisiana would have been punishable as felonies in California within the meaning of section 1203, subdivision (e)(4). Further, even if defendant had two or more prior felony convictions, defense counsel argued that probation was proper in this case.

At the end of the hearing on January 6, 2009, the court found defendant statutorily ineligible for probation; it did not find that there were sufficient unusual circumstances to grant probation. The court sentenced defendant to a total of four years eight months for both cases. The court awarded a total of 289 days credit for time served (193 actual days in custody, plus 96 conduct credit days under former section 4019, subdivisions (b) and (c)).

On January 15, 2009, defendant filed a timely notice of appeal. The People petitioned the California Supreme Court for review, which was granted.

*Presentence Credits*

On January 25, 2010, section 4019 was amended to provide for one day of work time credit and one day of conduct credit for each four-day period in custody. On February 9, 2010, defendant filed a motion under section 1237.1 in superior court, requesting an order to recalculate her presentence credits in accordance with amended section 4019. Defendant argued that the amended version of the statute entitled her to an increase in presentence credits. After a hearing on February 19, 2010, the court denied the motion.

On February 23, 2010, defendant filed a notice of appeal from the denial of her request for presentence credits. Defendant requested permission from this

6

court to file a supplemental brief to address this issue and we granted this request on March 3, 2010.

In our opinion filed on April 13, 2010, we affirmed the denial of probation. However, we concluded that defendant was entitled to additional presentence credits under the retroactive application of the amendment to section 4019. The People petitioned for review and the California Supreme Court granted review on June 23, 2010. On May 15, 2013, this case was transferred to us with directions to vacate our decision and to reconsider the cause in light of *People v. Brown, supra,* 54 Cal.4th 314. Pursuant to California Rules of Court, rule 8.200(b)(1), any supplemental brief to be filed by defendant was due May 30, 2013. On June 4, 2013, counsel for defendant advised this court that he would not be filing a supplemental brief.

## DISCUSSION

### I. *Denial of Probation*

Defendant contends that the lower court's refusal to grant her probation based on section 1203, subdivision (e)(4)[2] violated her due process rights under the Fourteenth Amendment. The trial court found that she was presumptively ineligible for probation because she had two convictions in Louisiana. Defendant maintains that the two convictions in another state have to be punishable in California as a felony and the evidence did not show that defendant's four convictions in Louisiana constituted a felony if committed in California. Defendant concedes that her prior forgery conviction in Louisiana qualified as a felony under California law, but maintains that the record is insufficient to show

---

[2] Section 1203, subdivision (e)(4) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:" "Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

7

that any of the other three convictions met the statutory requirements. She asserts that we should remand the matter for a new sentencing hearing.

The People do not challenge defendant's argument that the record does not establish that any of the convictions in Louisiana, other than the forgery conviction, satisfies the statutory requirements under section 1203, subdivision (e)(4). The People contend, however, that even if the statutory requirements were not met, defendant cannot prevail because she cannot demonstrate prejudice from any sentencing error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

We agree with the People that defendant cannot demonstrate prejudice. Had the trial court not found defendant presumptively ineligible for probation as the result of her two prior convictions in Louisiana, the trial court would still undoubtedly have terminated probation and sentenced her to state prison. The trial court was presented with overwhelming evidence that defendant's conduct while on probation was unsatisfactory. Defendant's criminal history consisted of six misdemeanor California convictions and four Louisiana convictions. At the time of defendant's arrest in case No. SCUKCRCR0781676, defendant was on two grants of summary probation from Lake County for two DUI convictions.

The probation officer stated in her report that defendant "is appearing before the court, having pled guilty to a fifth felony [DUI]. She has been given several opportunities to address her alcohol problems, but they have had little effect on her. She continues to be a serious danger to the community. The defendant has a pending matter in superior court for her sixth [DUI] matter. It appears that the defendant has not realized society will not accept this type of behavior."

Rather than provide evidence to show prejudice, defendant claims the sentencing hearing did not comport with the most basic of procedural safeguards and maintains that the information considered by the court was not reliable. (See *People v. Peterson* (1973) 9 Cal.3d 717, 726 [probation hearings do not require the same procedural safeguards as trials on the issue of guilt, but "an applicant for

8

probation is nevertheless entitled to relief on due process grounds if the hearing procedures are fundamentally unfair"]; see also *People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755 ["Reliability of the information considered by the court is the key issue in determining fundamental fairness"]; *People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080 ["A court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information can constitute a denial of due process"].) Defendant argues that a sentence cannot be based on false information. (See *United States v. Weston* (9th Cir. 1971) 448 F.2d 626, 634 [the defendant denied the information contained in the presentencing report and the Ninth Circuit held that the hearsay information in the report was of so little value that the trial court should not have relied upon this information when imposing the maximum term].)

Defendant's argument lacks merit because most of the evidence presented at the sentencing hearing was reliable. Although the evidence may not have satisfied the requirements of section 1203, subdivision (e)(4), the evidence did show defendant would be unable to comply with the conditions of probation in the future. This evidence was both reliable and overwhelming. Indeed, when sentencing defendant to the midterm for case No. SCUKCRCR0781676, the court commented on defendant's repeated offenses and stated, "This is a borderline aggravated [case]."

We decline to order a remand because it is not reasonably probable the trial court would impose a different sentence. (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889-890 [where the trial court was unaware of the breath of its discretion, no reversal and remand for resentencing is necessary as the remand would be an idle act that exalts form over substance because it is not reasonably probable the court would impose a different sentence]; see also *People v. Fuhrman* (1997) 16 Cal.4th 930, 945-946 [no remand required where record shows that it is unlikely that the trial court would strike the prior conviction in a three strikes

case].)  Defendant gave the court no reason to believe that she would comply with the conditions of her probation in the future.

## II.  *Presence Credit*

Under section 2900.5, a person sentenced to state prison for criminal conduct is entitled to credit against the term of imprisonment for all days spent in custody before sentencing.  (§ 2900.5, subd. (a).)  In addition, section 4019 provides that a criminal defendant may earn additional presence credit against his or her sentence for willingness to perform assigned labor (§ 4019, subd. (b)) and compliance with rules and regulations (§ 4019, subd. (c)).  These forms of presence credit are called, collectively, conduct credit.  (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

When defendant was sentenced in January 2009, under the version of section 4019 then in effect, conduct credit could be accrued at the rate of two days for every four days of actual presence custody.  (Former § 4019.)  In October 2009, the Legislature passed Senate Bill No. 18 (2009-2010 3d Ex. Sess.) (Senate Bill 18).  Senate Bill 18 "addresses the fiscal emergency declared by the Governor by proclamation on December 19, 2008."  (Stats. 2009, 3d Ex. Sess., ch. 28, § 62.)  Its provisions provide various means by which prison populations may be reduced, thereby easing prison overcrowding and lowering the cost.  This Bill, among other things, amended section 4019, effective January 25, 2010, to provide that any person who is not required to register as a sex offender and is not being committed to prison for, or has not suffered a prior conviction of, a serious felony as defined in section 1192.7 or a violent felony as defined in section 667.5, subdivision (c), to accrue conduct credit at the rate of four days for every four days of presence custody.

Defendant contended that the amendment applies retroactively and, because her conviction was not final on January 25, 2010, the amendment applies to her.  "[A]bsent a saving clause, a criminal defendant is entitled to the benefit of a change in the law during the pendency of his appeal."  (*People v. Babylon* (1985)

39 Cal.3d 719, 722.) " '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. [Citations.]' [Citation.]" (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

In *Brown, supra,* 54 Cal.4th 314, the Supreme Court rejected the defendant's argument that the statute applies retroactively and held that the amendment to section 4019 applies prospectively only. (*Brown,* at p. 318.) The court also concluded that the prospective application of Senate Bill No. 18 does not violate equal protection principles. (*Brown*, at pp. 328-330.) Defendant, here, is therefore not entitled to the benefits of amended section 4019 for any time spent in custody prior to the amendment's effective date of January 25, 2010. Thus, the lower court properly calculated defendant's conduct credit based on former section 4019, and awarded defendant 289 days of presentence custody credit (193 actual days in custody plus 96 work and conduct credits).

## DISPOSITION

The judgment is affirmed.

_____
Lambden, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.

11