Filed 6/4/13  P. v. Ramirez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B234829 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA365954) |
| v. | |
| ROBERT CARLOS RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Barbara R. Johnson, Judge.  Affirmed with directions.

Susan L. Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Robert Carlos Ramirez was charged with 32 felony counts. He pled nolo contendere to two counts of using a device to defraud a telephone company (Pen. Code, § 502.7, subd. (a)(5))[1] (counts 1 & 3) and to three counts of identity theft (§ 530.5, subd. (a)) (counts 5, 6 & 7). He also admitted the allegation that he took, damaged and destroyed property in excess of $65,000 within the meaning of section 12022.6, subdivision (a)(1). The trial court sentenced appellant to a total of three years in state prison, consisting of the midterm of two years on count 1, plus one year pursuant to section 12022.6, subdivision (a)(1). The same three-year sentences were imposed on each of counts 3, 5, 6 and 7 and ordered to be served consecutively, and the remaining counts were dismissed. The trial court awarded appellant 561 days of presentence custody credit, consisting of 375 days of actual custody credit and 186 days of conduct credit.

Appellant's sole contention on appeal is that he should have received 375 days of "one-for-one" conduct credit, for a total of 750 days of presentence credit. The People agree, and so do we.

## PROCEDURAL BACKGROUND[2]

Appellant committed his crimes between January 6, 2006, and September 14, 2009. He was sentenced pursuant to his plea agreement on May 26, 2011. At that time, he had been in custody for 375 days, from May 16, 2010, through May 26, 2011, and the trial court granted him 375 days of custody credit. During the sentencing hearing, the parties disputed the calculation of conduct credit, and the trial court awarded 186 days of conduct credit.

## DISCUSSION

Pursuant to section 2900.5, a defendant is entitled to receive presentence credit for all days of actual custody from the date of arrest through the date of sentencing. In addition, pursuant to section 4019, a defendant is entitled to receive presentence credit for

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because the only issue presented is the calculation of custody credit, we do not set forth the factual background, nor did the parties.

performing labor and complying with applicable rules and regulations, commonly referred to as "conduct credit." (*People v. Dieck* (2009) 46 Cal.4th 934, 939.) A trial court awards presentence credits at the time of sentencing. (See Cal. Rules of Court, rules 4.310, 4.472.)

"Effective January 25, 2010, the Legislature amended section 4019 . . . such that certain defendants earned one-for-one conduct credits, which is two days of conduct credit for every two days in custody." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Prior to this date, defendants were entitled to one-for-two conduct credits, which is two days for every four days of actual time served in presentence custody. (*Ibid.*) Our Supreme Court has held that this amendment applied prospectively, meaning that qualified prisoners in local custody first became eligible to earn conduct credit at the increased rate beginning on the amendment's operative date. (*People v. Brown* (2012) 54 Cal.4th 314, 318.)

"Effective September 28, 2010, the Legislature again amended section 4019 . . . [by restoring] the less generous one-for-two presentence conduct credit calculation that had been in effect prior to the January 25, 2010 amendment. Thus, all local prisoners could earn two days of conduct credit for every four days in jail." (*People v. Rajanayagam, supra,* 211 Cal.App.4th at pp. 48–49.) The new decreased credits were applicable only to defendants who committed crimes on or after the statute's effective date of September 28, 2010, as expressly stated in former section 4019 by the addition of subdivision (g). (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 76 (2009–2010 Reg. Sess.) as amended Aug. 20, 2010.) Subsequent amendments to section 4109 have also expressly provided for prospective application to crimes committed after each new effective date. (§ 4019, subd. (g); *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549–1554.)

Because appellant committed all of his crimes between January 6, 2006, and September 14, 2009, the version of section 4019 applicable here was the version that became effective January 25, 2010, which provided one-for-one conduct credits. Thus, appellant is entitled to additional conduct credit.

3

# DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect 375 days of conduct credit, rather than 186 days, for total presentence credit of 750 days, and to deliver a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.*
FERNS

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4