Filed 6/17/13  P. v. Zarate CA4/1
Opinion after transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR BRICENO ZARATE,<br><br>    Defendant and Appellant. | D056837<br><br><br>(Super. Ct. No. JCF24760) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher W. Yeager, Judge.  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela Ratner Sobeck and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

Salvador Briceno Zarate appeals a judgment following his plea of no contest to one count of sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)). On appeal, he contends the trial court erred at his February 2010 sentencing by awarding him conduct credit for local custody time served before January 25, 2010, in accordance with a former version of Penal Code[1] section 4019 rather than the amended version in effect on the date of his sentencing. In our original opinion, *People v. Zarate* (2011) 192 Cal.App.4th 939, review granted May 18, 2011, S191676 (*Zarate I*), we concluded the trial court erred by not applying the amended version of section 4019 to all of the days served by Zarate in presentence local custody.

The California Supreme Court granted the People's petition for review of *Zarate I* and deferred action pending its consideration and disposition of a related issue in *People v. Brown,* S181963. On June 18, 2012, that court issued its opinion in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), concluding the amended version of section 4019 applies prospectively from January 25, 2010, and does not apply to presentence custody served before that date. (*Brown,* at pp. 318, 322-323.)

On May 15, 2013, the Supreme Court transferred this case to us with directions to vacate our decision in *Zarate I* and to reconsider the cause in light of *Brown*. Pursuant to the Supreme Court's directions, we now vacate our decision in *Zarate I* and issue this opinion concluding Zarate is not entitled to presentence custody credits pursuant to the amended version of section 4019 for custody served before January 25, 2010, the

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

operative date of the amendment to section 4019. Accordingly, we hold the trial court correctly determined the number of presentence custody credits to which Zarate is entitled.

FACTUAL AND PROCEDURAL BACKGROUND

On or about November 2, 2009, Zarate transported marijuana in Imperial County. On January 28, 2010, an information charged him with one count of sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) and one count of possession of marijuana for sale (Health & Saf. Code, § 11359).

On February 18, 2010, pursuant to a plea agreement, Zarate pleaded no contest to the Health and Safety Code section 11360, subdivision (a), count with a stipulated sentence of two years in state prison; the other count was dismissed. At that hearing, the trial court sentenced Zarate to two years in state prison and awarded him a total of 115 days of presentence custody credit. The court awarded Zarate 22 days of conduct credit for 44 days in actual custody before January 25 and 24 days of conduct credit for 25 days in actual custody on and after that date. The court denied Zarate's request for "day for day" conduct credit for all of his days in custody pursuant to the "new law" (i.e., amended § 4019), including his days served in custody prior to January 25. Zarate timely filed a notice of appeal. As discussed above, after we issued our opinion in *Zarate I,* the California Supreme Court granted review and then transferred the cause to us to reconsider our decision in light of *Brown, supra,* 54 Cal.4th 314.

3

DISCUSSION

I

*Actual Custody and Conduct Credits Generally*

A defendant "sentenced to prison for criminal conduct is entitled to credit against his [or her] term for all actual days of [presentence] confinement solely attributable to the same conduct." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30 (*Buckhalter*).) That confinement or custody includes days spent in jail before sentencing. (§ 2900.5, subd. (a).) Pursuant to section 4019, a defendant may also earn "conduct credit" for good behavior (i.e., compliance with rules and regulations) and satisfactory performance of any labor assigned him or her during presentence custody. (§ 4019, subds. (b), (c); *People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3; *Buckhalter*, at p. 30.)

Section 2900.5, subdivision (a), provides:

> "In all felony and misdemeanor convictions, either by plea or verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail . . . , all days of custody of the defendant, . . . *including days credited to the period of confinement pursuant to Section 4019*, shall be credited upon his or her term of imprisonment . . . ." (Italics added.)

Section 2900.5, subdivision (d), provides:

> "*It shall be the duty of the court imposing the sentence to determine* the date or dates of any admission to, and release from, *custody prior to sentencing and the total number of days to be credited pursuant to this section*. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213." (Italics added.)

4

The California Supreme Court has stated that when a trial court imposes a sentence, it "has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment." (*Buckhalter*, *supra*, 26 Cal.4th at p. 30.)

Prior to January 25, 2010, a former version of section 4019 (1982 version) provided that a defendant earned two days of conduct credit for every four actual days in local custody. (Stats. 1982, ch. 1224, § 7, pp. 4553-4554.) However, section 4019 was amended, effective January 25, 2010, to provide qualifying defendants with increased conduct credit of two days for every two actual days in local custody.[2] (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28X, § 50.) That amended version of section 4019 provided: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody . . . ." (§ 4019, subd. (f).)[3] The provisions of section 4019 apply to those defendants confined

---

[2]     Pursuant to the January 25, 2010, version of section 4019, defendants can qualify for such conduct credit unless they have current or prior convictions for serious or violent felony offenses or are required to register as sex offenders. (§ 4019, former subds. (b)(1), (c)(1), as amended by Stats. 2009-2010, 3d Ex. Sess., ch. 28X, § 50.)

[3]     Section 4019 was amended again, effective September 28, 2010, to reinstate the conduct credit provisions that applied before the January 25, 2010, amendment, but that version applied only to local custody served by defendants for crimes committed on or after September 28, 2010. (Stats. 2010, ch. 426, § 2.) That amendment to section 4019 is inapplicable to Zarate's case because his crime was committed in November 2009. Thereafter, the Legislature amended section 4019 yet again to raise the rate back to conduct credit of two days for every two actual days in local custody. (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, eff. Sept. 21, 2011, oper. Oct. 1, 2011.) Unless otherwise

in a county jail for time served, "including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment" or, alternatively, for time served "following arrest and prior to the imposition of sentence of a felony conviction."  (§ 4019, subds. (a)(1), (a)(4).)

II

*Trial Court's Calculation of Section 4019 Conduct Credit*

Zarate contends the trial court erred in sentencing him by applying the 1982 version of section 4019 to time he was in local custody prior to January 25, 2010, and thereby awarding him only 22 days of conduct credit for the 44 actual days he was in custody during that period.  He asserts the court was required to apply the January 25 amended version of section 4019 in effect on the date of his sentencing (February 18, 2010) to *all* time he was in local custody, whether before or after January 25, 2010.  He argues he should have received 44 days of conduct credit for the 44 actual days he was in custody prior to January 25, 2010, for a total of 68 days of conduct credit for all 69 actual days in custody prior to his February 18 sentencing.

We conclude the trial court did not err in sentencing Zarate on February 18, 2010, by applying the former version of section 4019 to the time he served in local custody prior to January 25, 2010.  At the time of his sentencing on February 18, the trial court was required to calculate the exact number of days Zarate had been in custody prior to

specified, all references to section 4019 or its amendments refer to section 4019, as amended effective January 25, 2010, pursuant to Statutes 2009-2010, Third Extraordinary Session, chapter 28X, section 50.

sentencing, add applicable conduct credits earned pursuant to section 4019, and reflect the total in the abstract of judgment. (§ 2900.5, subds. (a), (d); *Buckhalter*, *supra*, 26 Cal.4th at p. 30.)

In *Brown*, the California Supreme Court addressed the issue of whether section 4019, as amended effective January 25, 2010, applied retroactively to benefit defendants who served time in local custody before January 25. (*Brown*, *supra*, 54 Cal.4th at p. 318.) *Brown* held section 4019 "applied prospectively, meaning that qualified prisoners in local custody first became eligible to earn credit for good behavior at the increased rate beginning on the statute's operative date [January 25, 2010]." (*Ibid.*) Particularly important to this case, *Brown* stated:

> "To apply [the January 25, 2010 version of] section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates. . . . Credits are determined and added to the abstract of judgment at the time of sentencing, but they are *earned* day by day over the course of a defendant's confinement as a predefined, expected reward for specified good behavior." (*Brown*, *supra*, 54 Cal.4th at p. 322.)

Accordingly, *Brown* concluded that version of section 4019 operated prospectively only to local custody served on or after January 25, 2010. (*Id.* at pp. 318, 322-323.)

Applying *Brown*'s holding to the circumstances in this case, we conclude the trial court at sentencing correctly awarded Zarate 22 days of conduct credit for 44 days in actual custody before January 25, 2010, and 24 days of conduct credit for 25 days in actual custody on and after that date. The former or 1982 version of section 4019 applied to all local custody served by Zarate before January 25, 2010. The amended, or January

7

25, 2010, version of section 4019 applied prospectively to all local custody served on or after January 25, 2010.  (*Brown*, *supra*, 54 Cal.4th at pp. 318, 322-323.)  Therefore, the trial court did not err in awarding Zarate a total of 115 days of presentence custody credit.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

8