Filed 4/23/15  P. v. Orosco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074892 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 07F6420, 09F7508) |
| v. | |
| ROY OROSCO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we find the trial court erred in calculating defendant's presentence custody credits under Penal Code section 4019.[1] We

---

[1] Undesignated statutory references are to the Penal Code.

provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

On June 28, 2007, officers from the Anderson Police Department stopped a vehicle for having a broken taillight. The officers spoke to defendant, who was a passenger in the vehicle. Initially, defendant gave them a false name, but after learning his true name, the officers discovered there was a parole warrant for defendant's arrest. They searched the vehicle and found 0.8 gram of methamphetamine, two pipes for smoking methamphetamine, and 4.6 grams of marijuana. Defendant admitted the methamphetamine was his and he had also used the pipes.

On August 1, 2007, in Shasta County Superior Court case No. 07F6420, defendant was charged with multiple criminal offenses, and on March 17, 2008, he pleaded guilty to one count of felony transportation of methamphetamine. The trial court suspended imposition of sentence and granted defendant probation, ordering him to complete the Proposition 36 drug program.

On August 1, 2008, the probation department filed a petition to revoke defendant's probation. Defendant admitted violating his probation after he tested positive for methamphetamine. The trial court revoked and reinstated his probation on the original terms and conditions, including reinstatement in the Proposition 36 drug program.

On October 6, 2009, at 12:44 a.m., Redding Police Department officers stopped a car that defendant was driving; the vehicle's registration was expired and the license plate bore improper registration tags. The officers learned defendant was on probation and searched his vehicle. Inside the vehicle they found 0.4 gram of methamphetamine. The People charged defendant in Shasta County Superior Court case No. 09F7508 with felony possession of methamphetamine and driving with a suspended license. On October 20, 2009, defendant pleaded guilty in case No. 09F7508 to felony possession of methamphetamine.

The charges in case No. 09F7508 resulted in another petition to revoke defendant's probation in case No. 07F6420. Defendant admitted the probation violation; the trial court revoked and reinstated his probation in case No. 07F6420, extended the term of probation an additional two years, and ordered defendant to serve 60 days in county jail and participate in Shasta County's Addicted Offender Program (AOP).

That same day, in case No. 09F7508, the trial court suspended imposition of sentence, granted defendant probation, and ordered him to participate in the AOP. The trial court also ordered defendant to serve 60 days in the county jail, the term to be served concurrently with the 60 days imposed in case No. 07F6420.

On January 22, 2010, defendant was arraigned on another petition to revoke his probation. Defendant admitted the probation violation, and the court revoked and reinstated his probation.

On August 20, 2010, defendant admitted two more probation violations. The trial court then sentenced defendant to the upper term of four years in case No. 07F6420 and the middle term of two years in case No. 09F7508, to be served concurrently with the sentence in case No. 07F6420. The court found defendant to be addicted to narcotics, suspended execution of his sentence, and committed him to the California Rehabilitation Center (CRC) for treatment of his addiction pursuant to Welfare and Institutions Code section 3051.

The CRC's warden subsequently deemed defendant unsuitable for the civil addict program and referred him back to the superior court pursuant to Welfare and Institutions Code section 3053. The trial court then executed the previously imposed sentence and awarded defendant 698 days of custody credit in case No. 07F6420 and 675 days in case No. 09F7508. Defendant appeals without a certificate of probable cause.

After filing his notice of appeal, defendant (through appellate counsel) filed a motion in the trial court, asking the court to recalculate his custody credits. In his motion, defendant argued he was entitled to an increased number of conduct credits based

3

on the amendments to section 4019 that were effective on January 25, 2010. The probation department and the People agreed defendant was entitled to some changes in his custody/conduct credits under section 4019 based on mathematical and clerical errors; however, the People argued, and the probation department agreed, that defendant was not entitled to benefit from the amendments to section 4019 effective on January 25, 2010. The People took the position that defendant's credits were to be calculated based on the law in effect on the date defendant committed his offenses.

The trial court agreed that defendant's conduct credits were to be calculated according to the law in effect on the date defendant committed his offenses. Accordingly, the trial court amended defendant's custody credits but only as to the mathematical and clerical errors agreed to by the People and the probation department. In case No. 07F6420, the court increased defendant's custody credits to a total of 704 days, and in case No. 09F7508, the court decreased defendant's custody credits to a total of 662 days.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. We have undertaken an examination of the entire record pursuant to *Wende* and find the trial court erred in recalculating defendant's custody credits.

A criminal defendant sentenced to state prison is entitled to credit against the term of imprisonment for all days spent in custody before sentencing. (§ 2900.5, subd. (a).) Section 4019 also provides that a criminal defendant may earn additional presentence credit against his or her sentence for willingness to perform assigned labor (§ 4019,

4

subd. (b)) and compliance with rules and regulations (§ 4019, subd. (c)). These forms of presentence credit are called, collectively, conduct credit. (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

Under the version of section 4019 in effect prior to January 25, 2010, a defendant earned two days of conduct credit for every four days served in local custody. (§ 4019, former subds. (b), (c).) In October 2009 the Legislature enacted Senate Bill No. 18XXX, which, among other things, amended section 4019, effective January 25, 2010, to permit defendants who have no current or prior serious or violent felony convictions, and who are not required to register as sex offenders, to earn two days of conduct credit for every two days in custody. (§ 4019, former subds. (b)(1), (c)(1), as amended by Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50.) Senate Bill No. 76 amended section 2933, effective September 28, 2010, and provided that a qualifying defendant convicted of a felony and sentenced to state prison is entitled to one day of presentence conduct credit for each day of actual presentence confinement served (§ 2933, former subd. (e)(1), (2), (3)), thereby eliminating the loss of one day of presentence conduct credit under the rate specified by Senate Bill No. 18XXX when the person served an odd number of days in actual presentence custody (see Stats. 2010, ch. 426, § 1).

In *People v. Brown* (2012) 54 Cal.4th 314, our Supreme Court concluded that "former section 4019 [the January 2010 version of section 4019] applied prospectively, meaning that qualified prisoners in local custody first became eligible to earn credit for good behavior at the increased rate beginning on the statute's operative date." (*Brown*, at p. 318.) Thus, defendant was eligible to earn increased conduct credit after the statute's operative date of January 25, 2010. The trial court erred in finding defendant's conduct credits were to be calculated based on the law in effect at the time he committed his offenses.

We therefore remand the matter back to the trial court for a recalculation of defendant's custody credits consistent with this opinion.

## DISPOSITION

The judgment of conviction is affirmed.  The matter is remanded for recalculation of presentence custody credits consistent with this opinion.  The trial court is directed to prepare an amended abstract of judgment and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


          RAYE          , P. J.


We concur:


      BLEASE          , J.


      ROBIE          , J.


6